UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>MICHELLE DEON LEE,<br>Debtor/ Plaintiff | Case No:   24-16918 KHT |
| | Chapter   7 |
| v. | |
| BELLCO CREDIT UNION and its SUCCESSORS, ASSIGNS, SERVICERS, TRUSTEES AND INVESTORS,<br>Defendant | Adv. Pro. No. 25-01237 KHT |

**ANSWER TO ADVERSARY PROCEEDING COMPLAINT PURSUANT TO 28 U.S.C. 2409(A) (QUIET TITLE ACTION)**

Defendant BELLCO CREDIT UNION, hereinafter "Bellco", by and through its attorneys, JANEWAY LAW FIRM, P.C., respectfully answers the Adversary Proceeding Complaint Pursuant to 28 U.S.C. 2409(a) (Quiet Title Action), and in support thereof, states as follows:

**STATEMENT PURSUANT TO FED.R.BANKR.P.7012(b)**

Bellco consents to entry of final orders of judgment by the Bankruptcy Court as to matters set forth in Plaintiff's Complaint.

**RESPONSES TO ALLEGATIONS CONTAINED ON PAGE 1 OF THE COMPLAINT**

1. To respond to the allegation that Bellco failed to meet the evidentiary and proof requirements under federal bankruptcy law, the allegation is denied.

2. Bellco has no knowledge of Plaintiff's "spirit of good faith" in voluntarily adding the claimants to the bankruptcy proceeding and would state that 11 USC 521(a)(1) requires bankruptcy petitioners to file a complete list of creditors. To the extent any other conclusion may be drawn, Bellco denies this allegation.

3. In response to the Plaintiff's statement that no obligation or debt is owed to the "claimants," the claimants' claims and liens are unsupported and invalid, Bellco asserts that the allegation calls for a legal conclusion to which no response is required. To the extent a response is required, Bellco vehemently denies these allegations as baseless and without merit.

4. Plaintiff requests that "Pursuant to the principles of the Quiet Title Act, 28 U.S.C. 2409(a), and the bankruptcy statutes" the Court declare the claimants' liens and claims invalid and remove and extinguish such encumbrances from the property in question.

   This allegation/ prayer for relief calls for a legal conclusion to which no response is required. To the extent a response is required, Bellco denies the statement and misapplication of 28 U.S.C.

2409(a) as based on Bellco's information, knowledge and belief, the United States has not claimed an interest in the subject property and Bellco is not operating as a division or subsidiary of the United States Government.  No other specific "bankruptcy statute" is identified.

5. Plaintiff further alleges by statement that "I am not in default of any obligation or debt to the claimant, and that the claimant has failed to demonstrate any enforceable amount owed under bankruptcy law."  The statement draws a conclusion not supported by fact or law; Bellco denies the allegation.

    The Bankruptcy Court, in underlying case number 24-16918 KHT, rendered judicial determination granting relief from stay to Bellco on July 1, 2025 at Docket entry #164.  During the hearing, held July 1, 2025, Plaintiff did not deny the default owed to Bellco.

6. Plaintiff alleges that under 11 USC 105(a) "the Court may disallow claims that are unsupported by evidence of debt or enforceable obligation."

    This statement calls for a legal conclusion for which no response is necessary; to the extent a response is required, the cited statute is misplaced, misused, and Bellco denies its application to the facts herein.

7. The Complaint continues to misstate and misapply the law by citing 11 USC 522(f): Plaintiff contends that this statute "allows for the avoidance of liens that impair exemptions or are unsupported by lawful recordation."

    The statement calls for a legal conclusion for which no response is necessary; to the extent a response is required, the cited statute is not applicable to these facts and therefore Bellco denies the application.

### 1. LACK OF PROOF OF INDEBTEDNESS: BELLCO CREDIT UNION (DOCKET ENTRY #120)

1. The statement calls for a legal conclusion for which no response is necessary; to the extent a response is required, Bellco denies any allegation that Plaintiff has been denied due process through the Bankruptcy Court.

2. The statement calls for a legal conclusion for which no response is necessary.

3. The statement calls for a legal conclusion for which no response is necessary.

4. The statement calls for a legal conclusion for which no response is necessary.

### 2. FAILURE TO RESPOND OR OBJECT: NO OBJECTION OR RESPONSE TO ADDRESS COURT MOTION DOCKET NUMBER #230.

To the extent a response is needed to the statement contained herein, Bellco denies any such allegation. Bellco did not file a Proof of Claim in the underlying bankruptcy case, 24-16918 KHT, and is not required to do so.

Bellco did provide the following documents to Plaintiff via email, as on file with the Court at Docket entry #159, Case 24-16918: Note dated April 14, 2022; Deed of Trust recorded April 19, 2022; Approximate payoff as of May 23, 2025; payment history as of June 18, 2025. These documents were admitted into evidence during the July 1, 2025 hearing on Bellco's Amended Motion for Relief from Stay.

### 3. FAILURE TO COMPLY WITH PROOF AND EVIDENTIARY STANDARDS:

Bellco denies the allegations and further states that Bellco did not file a Proof of Claim in the underlying bankruptcy case, 24-16918 KHT, and is not required to do so. The Plaintiff erroneously refers to Bellco as "claimant" throughout the Complaint.

### 4. RIGHT TO REMOVE ENCUMBRANCES AND LIENS:

Bellco denies the allegations claimed herein; the law is misapplied to the facts of this case. Bellco is not a subsidiary or affiliate of the United States; 28 U.S.C. 2409(a) is not applicable. Additionally, Plaintiff signed a consensual Home Equity Line of Credit Agreement and Disclosure Statement dated April 14, 2022. The loan is not a recorded judgment lien subject to 11 USC 522(f). To the extent any additional allegation is not specifically referenced, Bellco denies the same.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Complaint misapplies statutes and does not provide any factual basis to support any of Plaintiff's allegations.

2. Plaintiff's Complaint is barred, in whole or in part, by estoppel, latches, and/or unclean hands.

3. Plaintiff's Complaint was filed in bad faith and without any basis in fact or in law.

4. Bellco does not knowingly or intentionally waive any additional affirmative defenses and expressly reserves the right to assert and rely on such defenses as may later become available.

5. Bellco additionally reserves the right to amend its Answer, Affirmative Defenses, or both if/when additional information becomes available, or if pertinent facts are asserted.

WHEREFORE, Bellco Credit Union respectfully requests that this Court enter judgment in its favor against Plaintiff Michelle Deon Lee, and for any other relief as this Court deems just and proper.

Respectfully submitted this 18th day of September 2025.

Attorneys for BELLCO CREDIT UNION
JANEWAY LAW FIRM, P.C.

_____
Lynn M. Janeway #15592
David R. Doughty #40042
Alison L. Berry #34531
N. April Winecki #34861
9540 Maroon Circle, Suite 320
Englewood, CO 80112
Phone: (303) 706-9990
Fax: (303) 706-9994
bankruptcy@janewaylaw.com
JLF #: 25-034634

### Certificate of Service

The undersigned hereby certifies that on September 19, 2025 a copy of the foregoing Answer was served:

**VIA US FIRST CLASS MAIL POSTAGE PREPAID TO:**

Michelle Deon Lee
16480 Fairway Dr
Commerce City, CO 80022


**ELECTRONICALLY VIA CM/ECF TO:**

TOM H. CONNOLLY, TOM CONNOLLY, LLC - Trustee

US TRUSTEE


*/s/Amanda Schroeder*
By: Amanda Schroeder, Paralegal
JANEWAY LAW FIRM, P.C.
bankruptcy@janewaylaw.com
File: 25-034634/Lee